(No. 76-CC-1469–

BUILD INSTITUTE, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 5, 1983.*

BETRAM A. STONE, for Claimant.

TYRONE C. FAHNER, Attorney General (GLEN LARNER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim brought by Build Institute, a not-for-profit corporation. This corporation was organized as a private educational operation which, as its primary function, offered vocational training to students sent to it by the Department of Vocational Rehabilitation of the State of Illinois (DVR). Specifically, Claimant seeks to recover from the State the sum of $11,190.80, which is the amount

claimed due for services allegedly rendered to DVR during certain periods in 1975. In its complaint, Claimant presented this matter as one of lapsed appropriation. Respondent, however, defended the claim on the basis that there has been no showing that the services allegedly performed have, in fact, been performed.

This cause has been subject to much delay, many motions, and other pretrial matters, but was finally heard before the commissioner on September 22, 1981. Each party has submitted its brief and the Court has read the transcript of evidence presented at the hearing.

The lapsed appropriation allegation fails if the services for which Claimant filed were not rendered.

Claimant has the burden of proving the elements of its case by a preponderance of the evidence. Specifically, it has the burden of showing that it rendered the services to DVR in 1975 for which it is seeking payment.

A careful review of the record shows that Claimant has failed to make out a *prima facie* case. Claimant only produced one witness, Gene Woods, a founder of Build Institute, as well as its president. His testimony basically addressed itself to the general operation of the institute. He admitted lack of personal knowledge of the specific services which are the basis of this claim, and he did not identify nor did he present any business records of the institute. It was his contention that many of the records of the institute had been lost with the Internal Revenue Service and/or the Federal Grand Jury, and he also alleged that some of the records had been destroyed in a fire on the premises in which they were stored. This, however, does not relieve the burden of proof imposed upon Claimant to prove its claim.

Claimant failed to produce any witnesses who, by their own personal knowledge, could have testified to the

exact services rendered and the details concerning those services. Claimant also could have presented witnesses who made and maintained the business records which would have presumably contained the details with respect to the services in question.

It is the opinion of this Court that Claimant failed completely to produce the proof necessary on which to base recovery. Claim dismissed.